# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL #183459
    Plaintiff      :

    v.        :   CIVIL ACTION NO. CCB-09-2927

RONALD S. WEBER, et al.,    :
    Defendants

## **MEMORANDUM**

On November 16, 2009, the undersigned ordered the Maryland Attorney General to respond to prisoner Gregory Marshall's claim that he had been denied mental health treatment since the October 1, 2009, onset of an acute psychotic episode.[1]  The response (Paper No. 4), filed on behalf of Western Correctional Institution's Warden J. Philip Morgan, has been construed as a motion for summary judgment.[2]  Marshall's request for injunctive relief mandating  mental health treatment[3] can be resolved without hearing.  *See* Local Rule 105.6 (D. Md. 2009).

### Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] should be rendered if the pleadings, the
> discovery and disclosure materials on file, and any affidavits show
> that there is no genuine issue as to any material fact and that the
> movant is entitled to judgment as a matter of law.

---

[1] Specifically, Marshall claimed to be depressed and felt "rats eating inside of this stomach—with hallucinations of seeing dead-babies…."  Paper No. 1 at 4.

[2] Marshall, notified that the court had construed the Warden's response as a dispositive motion (Paper No. 5), was given additional time to file an opposition thereto (Paper No. 8), but has failed to do so.  Although the response has been filed on behalf of Warden Morgan, summary judgment is appropriate for the other named defendants, Psychologist Margaret Reed, Mental Health Counselor R. Shane Weber, and Nurse April Baker.  The Clerk shall amend the docket to reflect the full and proper spelling of defendants Morgan, Reed, and Weber's names.

[3] Specifically, Marshall requests a single cell for mental health reasons pending the outcome of an examination by a psychiatrist from the Maryland Department of Health and Mental Hygiene (DHMH), and submission of that psychiatrist's findings as to Marshall's mental health status and need for a single cell and anti-psychotic medications.  Paper No. 1 at 3.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 645 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

A prisoner is entitled to receive reasonable treatment for his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Failure to provide treatment, when indicating a "deliberate indifference to serious medical needs of prisoners" results in "the 'unnecessary and wanton infliction of pain,'...proscribed by the Eighth Amendment." *Id*. at 104. Deliberate indifference is shown by establishing that the defendant had actual knowledge or awareness of an obvious risk to a plaintiff's serious medical need and failed to take steps to abate that risk. *See generally, Farmer v. Brennan*, 511 U.S. 825 (1994); *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 104 (4th Cir. 1995). An inmate also has an Eighth Amendment right to be free from deliberate indifference to serious psychiatric needs. *See Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) with approval). There is "no underlying distinction between the right to medical care for physical ills and its psychological or psychiatric counterpart." *See Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir. 1977). An inmate is entitled to such treatment if a "physician or other health care

provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable medical certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id.*  The *Bowring* court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id.* at 47-48.   As previously noted, even if a prisoner shows that he was denied psychological or psychiatric treatment, he must also demonstrate that the failure or refusal to provide treatment constituted deliberate indifference on behalf of medical personnel.

The record reveals that Marshall has had access to mental health evaluation and treatment since his 2007 transfer to Western Correctional Institution (WCI).[4]   Two staff psychiatrists, Dr. Vincent Siracusano and Dr. Stephen Schellhase have concluded that Marshall is malingering rather than suffering from any true mental health condition.  As recently as June 18, 2009, Dr. Schellhase concluded that Marshall malingers mental illness for secondary gain, and did not require psychotropic medication.  Paper No. 4, Exhibit 1, Declaration of Margaret Reed.  On October 19, 2009, Marshall sent an Administrative Remedy Procedure (ARP) request to Division of Correction Headquarters complaining that his psychological needs were not being met.[5]  *Id.*, Exhibit 3 at 6.  Defendant Weber, a mental health counselor, spoke with Marshall on October 22 and October 29, 2009.[6]   When correctional staff attempted to interview Marshall concerning his ARP, he refused to meet with them, and his ARP subsequently was dismissed as moot.  *Id.*,

---

[4]The court is aware that Marshall deems the treatment rendered within the Division of Correction inappropriate; indeed, he recently has litigated such claims.  In *Marshall v. Lynn, et al.,* Civil Action No. JFM-07-2711 (D. Md.) (consolidated with JFM-08-221 (D. Md.)), the court found Marshall had received adequate medical and mental health treatment despite his intentional efforts to thwart same by inflicting injury on himself.  The court noted there that:

> [Plaintiff's] attempts to manipulate prison classification staff and psychologists by harming himself  in order to merit long-term commitment to CMHC-J may in fact be a facet of his mental illness.  Medical experts, however, have documented why such commitment is not necessary and have concluded that plaintiff can be housed elsewhere if compliant with his medication regimen.  Nothing more is constitutionally required.  Further, no evidence exists to support plaintiff's claims of retaliation and conspiracy.

*Id.*, Paper No. 29 at 9.

[5]Headquarters staff notified Marshall that his ARP should first be presented to WCI personnel, and forwarded the ARP complaint to the Warden for review.  Paper No. 4, Exhibit 3 at 1 and 6.

[6]The nature of the discussions, however, are not provided as part of the record.

Exhibit 3 at 5.

As recently as August of 2009, this court examined the level of mental health services provided to Marshall at WCI. In *Marshall v. Trenum, et al.*, JFM-09-1309 (D. Md.), the court concluded that WCI mental health experts were attempting to control Marshall's conduct using behavior modification, rather than psychotropic medications. At most, the instant action appears to be based on Marshall's disagreement with these efforts. An Eighth Amendment violation based on deliberate indifference to his medical needs, however, has not been demonstrated. There is simply no showing that Marshall must be provided the drugs he seeks, a single cell, or evaluation by "outside" psychiatric personnel. Injunctive relief shall be denied and this case closed by way of a separate order.


  May 26, 2010                           _____/s/_____
           Date                                  Catherine C. Blake
                                           United States District Judge